1

2

3

4

5

6

7

8            UNITED STATES DISTRICT COURT

9            CENTRAL DISTRICT OF CALIFORNIA

10

11   MARQUISE BAILEY,                        Case No.: 2:23-cv-10805-MEMF-AJR

12                   Plaintiff,              **ORDER TO SHOW CAUSE WHY THE COURT SHOULD NOT DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S STATE LAW CLAIMS**

13          v.

14

15   THE BOYZ BARBERSHOP; RAMIN
     HALAVI; and DOES 1 to 10,

16                   Defendants.

17

18

19

20          On December 27, 2023, Plaintiff Marquise Bailey filed a Complaint against Defendants The

21   Boyz Barbershop, Ramin Halavi, and Does 1 to 10, asserting: (1) a claim for injunctive relief arising

22   out of an alleged violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131, *et*

23   *seq.*; (2) a claim for damages pursuant to California's Unruh Civil Rights Act ("Unruh Act"), Cal.

24   Civ. Code §§ 51–52, *et seq.*; (3) a claim for damages pursuant to the California Disabled Persons

25   Act, Cal. Civ. Code § 54, *et seq.*; (4) a claim for damages and injunctive relief pursuant to the Cal.

26   Health & Safety Code § 19955, *et seq.*; and (5) a claim for negligence. ECF No. 1. The Complaint

27   alleges that this Court has jurisdiction over the ADA claim pursuant to 28 U.S.C. §§ 1331 and 1343,

28   and that the state law claims are brought "pursuant to pendant [sic] jurisdiction." *Id.* at ¶¶ 6–7.

                                                  1

1    Principles of pendent jurisdiction have been codified in the supplemental jurisdiction statute,

2    28 U.S.C. § 1367.  The supplemental jurisdiction statute "reflects the understanding that, when

3    deciding whether to exercise supplemental jurisdiction, 'a federal court should consider and weigh in

4    each case, and *at every stage of the litigation*, the values of judicial economy, convenience, fairness,

5    and comity.'" *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997) (emphasis added)

6    (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)).

7    California law sets forth a heightened pleading standard for a limited group of lawsuits

8    brought under the Unruh Act. *See* Cal. Civ. Proc. Code §§ 425.55(a)(2) & (3). The stricter pleading

9    standard requires certain plaintiffs bringing construction-access claims like the one in the instant

10   case to file a verified complaint alleging specific facts concerning the plaintiff's claim, including the

11   specific barriers encountered or how the plaintiff was deterred and each date on which the plaintiff

12   encountered each barrier or was deterred. *See* Cal. Civ. Proc. Code § 425.50(a). A "high-frequency

13   litigant fee" is also imposed on certain plaintiffs and law firms bringing these claims. *See* Cal. Gov't

14   Code § 70616.5. A "high-frequency litigant" is "a plaintiff who has filed 10 or more complaints

15   alleging a construction-related accessibility violation within the 12-month period immediately

16   preceding the filing of the current complaint alleging a construction-related accessibility violation"

17   *and* "an attorney who has represented as attorney of record 10 or more high-frequency litigant

18   plaintiffs in actions that were resolved within the 12-month period immediately preceding the filing

19   of the current complaint alleging a construction-related accessibility violation." Cal. Civ. Proc. Code

20   §§ 425.55(b)(1) & (2). High frequency litigants are also required to state: (1) whether the complaint

21   is filed by, or on behalf of, a high-frequency litigant; (2) in the case of a high-frequency litigant who

22   is a plaintiff, the number of complaints alleging construction-related accessibility claim filed by the

23   high-frequency litigant during the 12 months prior to filing the instant complaint; (3) the reason the

24   individual was in the geographic area of the defendant's business; and (4) the reason why the

25   individual desired to access the defendant's business." *See id.* § 425.50(a)(4)(A).

26   In light of the foregoing, the Court orders Plaintiff to show cause in writing why the Court

27   should exercise supplemental jurisdiction over the Unruh Act claim, the California Disabled Persons

28

Act claim, the California Health and Safety Code claim, and the negligence claim. *See* 28 U.S.C. § 1367(c). In responding to this Order to Show Cause:

1. Plaintiff shall identify the amount of statutory damages Plaintiff seeks to recover.

2. Plaintiff and Plaintiff's counsel shall also support their responses to the Order to Show Cause with declarations, signed under penalty of perjury, providing all facts necessary for the Court to determine if they satisfy the definition of a "high-frequency litigant" as provided by California Code of Civil Procedure sections 425.55(b)(1) & (2). This includes, but is not limited to:

     a. the number of construction-related accessibility claims filed by Plaintiff in the twelve months preceding the filing of the present claim; and

     b. the number of construction-related accessibility claims in which Plaintiff's counsel has represented high-frequency litigant plaintiffs in the twelve months preceding the filing of the present claim.

Plaintiff shall file a Response to this Order to Show Cause by no later than fourteen days from the date of this order. The failure to timely or adequately respond to this Order to Show Cause may, without further warning, result in the Court declining to exercise supplemental jurisdiction over the Unruh Act claim, the California Disabled Persons Act claim, the California Health and Safety Code claim, and the negligence claim pursuant to 28 U.S.C. § 1367(c).

**IT IS SO ORDERED.**

Dated: February 12, 2024

_____

MAAME EWUSI-MENSAH FRIMPONG

United States District Judge